## Case No. 11;258.

### In re POMEROY.

[2 N. B. R. 14 (Quarto, 3).] [1]

District Court, E. D. Missouri. 1868.

BANKRUPTCY—OMISSION OF WIFE'S PROPERTY FROM SCHEDULES.

Where all of a bankrupt's right and title to property has been sold by creditors under judgment and execution, and purchased by his wife with her own separate funds, he has no title or estate in such property which he could be required to report in his schedules, and, hence, its omission cannot subject him to the penalties for false swearing.

It appeared, in the evidence, that the wife of the bankrupt had received from her grandmother some advances and a legacy, which the bankrupt testified he had never reduced to his possession, but had always treated the same as the separate property of his wife. These sums she had invested from time to time in the purchase of notes through a broker, until,

---

[1] [Reprinted by permission.]

in 1863, they amounted to five thousand dollars, when she purchased the house in which the bankrupt and his family lived, paying five thousand dollars cash, and giving notes endorsed by her husband for six thousand dollars, running through six years, with annual interest. The title was made to a trustee for the separate use of Mrs. P. The trustee, at the request of the wife, made a lease of the premises to the bankrupt for six years, at an annual rent, which would pay the accruing notes as they fell due, with taxes and insurance. With this rent the notes had been paid as they became due. Subsequently, in April, 1867, creditors of the bankrupt levied an execution upon the bankrupt's interest and estate in the property, and exposed it to sale. Mrs. Pomeroy procured money from a relative in New York, and through the interposition of a friend purchased the estate of the husband at sheriff's sale, for five hundred dollars, and the friend subsequently conveyed this title to the trustee of Mrs. Pomeroy.

TREAT, District Judge, held, that as all the title and estate of the bankrupt, whether as lessee or as husband, had by the creditors been sold under judgment and execution, and had been purchased by the wife with funds not derived from the husband, that it was not necessary to inquire into the effect of the statutes of the state (Rev. Code 1855, p. 724) exempting the property of the wife from execution for the debts of the husband. That as all his estate in the property, whether as lessee or husband, had been sold by the creditors upon execution, that the bankrupt had no title or estate in the land which he could be required to report in his schedules, and therefore, that there was no ground for the specification that he had sworn falsely in not reporting this property or the interest which might have attached to him for the sums advanced by way of rent in making the deferred payments. Objections overruled.